UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

LATEE ROBINSON,

                                   Plaintiff,                        Case # 16-CV-351-FPG

      v.                                                                 DECISION AND ORDER

CORRECTIONAL OFFICERS JOHN
DOE/JANE DOE, et al.,

                                  Defendants.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Latee Robinson, a prisoner confined at Sing Sing Correctional Facility, brought this action seeking relief pursuant to 42 U.S.C. § 1983 based on violations of his Eighth Amendment right to adequate medical care during his prior confinement in Southport Correctional Facility. Plaintiff sought leave to proceed *in forma pauperis* ("IFP"), but also paid the $400.00 filing and administrative fees.[1] ECF No. 2. On January 29, 2018, this Court granted Plaintiff's IFP motion. ECF No. 19. On May 7, 2018, Defendants moved to revoke Plaintiff's IFP status and dismiss this action based on the "three strikes rule" of the Prison Litigation Reform Act. ECF Nos. 24, 25, 26. *See* 28 U.S.C. § 1915(g).

The Court finds that, although Plaintiff has accumulated three strikes, he satisfies the "imminent danger exception" to the three strikes rule and may therefore proceed IFP. Accordingly, Defendants' Motion to Revoke is denied.

---

[1] 28 U.S.C. § 1915(a). Effective May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, *available at* http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. This fee, however, does not apply to prisoners granted *in forma pauperis* status. *See generally id*.

1

**DISCUSSION**

A.  **The Three Strikes Rule**

If a prisoner is unable to pay the fees required to bring a civil action in a federal district court, he may be allowed to proceed IFP, but not if he has had three or more of his previous actions or appeals dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). This is known as the "three strikes rule." *See Harris v. City of New York*, 607 F.3d 18, 19-20 (2d Cir. 2010).

A narrow safety valve to the three strikes rule allows a prisoner to proceed IFP – even with three strikes – if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

B.  **Determination of Plaintiff's Strikes**

Defendants argue that Plaintiff had seven actions and two appeals dismissed as of the date on which he brought this action, and that at least three of those dismissals constitute strikes. ECF No. 26 at 3-4. In support of their motion, Defendants submitted the nine orders dismissing Plaintiff's prior actions and appeals. ECF No. 25, Exhibits 1-9. This Court has examined the nine orders and agrees that four of the dismissals count as strikes. *See Harris*, 607 F.3d at 23-34 (explaining that district courts do not necessarily need to review the actual orders of dismissal if the docket sheets show with sufficient clarity that the prior suits were dismissed as frivolous, malicious, or for failure to state a claim). The four dismissals that the Court finds to constitute strikes are as follows.

1.  *Robinson v. Various John Does/Jane Does, et al.*, **No. 12-cv-1083 DGL (W.D.N.Y. May 6, 2013)**

The Western District found that Plaintiff's § 1983 action raised claims that were nearly identical to claims he had previously raised and were thus barred by *res judicata*. The court

dismissed his complaint as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal as frivolous or malicious constitutes a strike under § 1915(g). *Dove v. City of Binghamton*, No. 3:14-CV-627 MAD/DEP, 2014 WL 5308152, at *4 (N.D.N.Y. Oct. 16, 2014) (construing dismissal based on *res judicata* as a strike for purposes of section 1915(g)); *Blake v. Bentsen*, No. 95 CV 2227 SJ, 1995 WL 428694, at *2 (E.D.N.Y. July 11, 1995) (holding that repetitive litigation of nearly identical claims is subject to dismissal as malicious and abusive).

   2. *Robinson v. Huttel, et al.*, **No. 13-cv-00599 PGG (S.D.N.Y. Nov. 12, 2013)**

The Southern District dismissed Plaintiff's § 1983 action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that it was largely unintelligible, conclusory, and devoid of facts. Dismissal for failure to state a claim constitutes a strike under § 1915(g).

   3. *Robinson v. Various John Does/Jane Does, et al.*, **12-cv-08326 LAP (S.D.N.Y. Dec. 27, 2012)**

The Southern District found that Plaintiff's § 1983 complaint was duplicative of actions he had previously brought and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and § 1915(e)(2)(B)(iii) as seeking monetary relief against immune defendants. Dismissal for failure to state a claim constitutes a strike under § 1915(g).

   4. *Robinson v. Various John Does/Jane Does, et al.*, **12-cv-00127 LAP (S.D.N.Y. Feb. 15, 2012)**

The Southern District dismissed Plaintiff's § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and § 1915(e)(2)(B)(iii) as seeking monetary relief against immune defendants. Dismissal for failure to state a claim constitutes a strike under § 1915(g). Dismissal based on absolute judicial and prosecutorial immunity counts as a strike as well. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("[Section 1915(g)] does not explicitly categorize as frivolous a claim dismissed by reason of judicial immunity, but we will: Any claim

dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)."); *Collazo v. Pagano,* 656 F.3d 131, 134 (2d Cir. 2011) (dismissal based on absolute prosecutorial immunity also counts as a strike).

**C.     Applicability of the Imminent Danger Exception**

For a prisoner to qualify for the imminent danger exception, the danger must exist at the time the complaint is filed. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010). The prisoner must also show an "adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). The claimed danger must be real, not speculative or hypothetical. *Dove*, 2014 WL 5308152, at *5. "[A]lthough the feared physical injury must be serious, [courts] should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question . . . ." *Id.* (quoting *Andrews, v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

In this case, Plaintiff sues several medical and non-medical prison officials for deliberate indifference to his medical care. ECF No. 13. He alleges that a psychiatric medicine his former psychiatrist prescribed him resulted in serious and painful side effects, including sores and a rash all over his body, blurry vision, inability to eat, drink, or sleep, pain, genital numbness, migraines, memory problems, skin discoloration, suicidal thoughts, and a burning skin reaction to his state-issued soap, shampoo, deodorant, and lotion. He alleges that many of his complaints were ignored and undocumented and that none of his care providers advised him that his symptoms were a side effect of his medication. While Plaintiff does not explicitly claim that he is in "imminent danger,"

and although some of his symptoms subsided after treatment, he continued to experience the rash, itchiness, and suicidal thoughts.[2]

Courts have found that deliberate indifference claims can satisfy the imminent danger exception. *See Green v. Venettozzi*, No. 14-CV-1215 (BKS/CFH), 2016 WL 6902545, at *3 (N.D.N.Y. Oct. 31, 2016), *report and recommendation adopted*, No. 914CV1215BKSCFH, 2016 WL 6902180 (N.D.N.Y. Nov. 23, 2016) (collecting cases and noting that "Courts in this Circuit and others have held that claims of denial of healthcare to an inmate suffering from a chronic disease, such as diabetes, satisfy the imminent danger exception."); *Liner v. Fischer*, No. 11 CIV. 6711 PAC JLC, 2012 WL 2847910, at *4 (S.D.N.Y. July 11, 2012), *report and recommendation adopted*, No. 11 CIV. 6711 PAC JLC, 2012 WL 4849130 (S.D.N.Y. Oct. 12, 2012) (allegations of deterioration of vision due to denial of glaucoma mediation counted as imminent danger).

When a prisoner's allegations of imminent danger are challenged, a court may look to evidence outside of the complaint. *See Tafari v. Baker*, No. 9:11-CV-694 GLS/ATB, 2012 WL 5381235, at *6 (N.D.N.Y. Oct. 31, 2012). But here, Defendants have not addressed the imminent danger exception in their Motion to Revoke and thus have not provided any evidence or argument challenging Plaintiff's allegations of harm. *See Green*, 2016 WL 6902545, at *3 (recommending denying motion to revoke without prejudice to renew where defendants did not present the court with "anything other than the bare assertion that plaintiff has failed to satisfy the imminent danger exception"). And although courts can "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous," *Abreu v. Lira*, No. 9:12-CV-1385 NAM/DEP, 2014 WL 4966911, at *10 (N.D.N.Y. Sept. 30, 2014) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)), here, Plaintiff's allegations have already been determined to be at least

---

[2] Although Plaintiff has been transferred to another prison, at the time he filed his Second Amended Complaint, he was still at the institution where his claims took place.

5

sufficient enough to proceed to service.  *See* ECF No. 19.  Thus, at this stage, Plaintiff satisfies the imminent danger exception.

## **CONCLUSION**

For the all the reasons stated, Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 24) is DENIED without prejudice to Defendants to renew the motion.  The Court again notes that Plaintiff has already paid the $400 filing and administrative fee, so the revocation of Plaintiff's IFP status would not result in dismissal.  *See Hill v. Griffin*, No. 11-CV-6101-CJS, 2012 WL 92556, at *4 (W.D.N.Y. Jan. 11, 2012) ("Since he has already paid the filing fee, Defendants' motion to dismiss the case as a result of the "three strikes" provision is denied.").

IT IS SO ORDERED.

Dated: November 16, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court